UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE FARM MUTUAL AUTO. INS. CO. a/s/o SAMUEL NAVA CASARRUBIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 25-1833 (TSC) |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff State Farm Mutual Auto. Ins. Co. a/s/o Samuel Nava Casarrubia, and the United States of America (the "United States") (collectively, the "parties") respectfully stipulate to resolve this matter on the terms set forth in this Stipulation.

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to this civil action under the terms and conditions set forth in this Stipulation.

2. The United States agrees to pay the sum of $9,604.60 (the "Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting directly or indirectly from the subject matter of this civil action, including any claims for wrongful death, for which Plaintiff or Plaintiff's guardians, heirs,

executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States, its agents, servants, and employees.

3.   Plaintiff acknowledges that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716 and administered through the Treasury Offset Program, requires the United States Treasury to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state (including delinquent child-support obligations enforced by the states). Accordingly, Plaintiff acknowledges that the amount to be remitted to Plaintiff under this settlement agreement may be reduced by the amount of any such delinquent debt that the United States Treasury is permitted to collect through that program or any other similar offset or recoupment program or source of law.

4.   Plaintiff and Plaintiff's guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and Plaintiff's guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or Plaintiff's guardians,

heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

5. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

6. Each will bear its own costs, fees, and expenses. Plaintiff agrees that any attorney fees owed by Plaintiff will be paid from the Settlement Amount and not in addition thereto.

7. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the Settlement Amount.

8. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

9. In the event Plaintiff is a minor or a legally incompetent adult, Plaintiff must obtain Court approval of the settlement at Plaintiff's expense. Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiff fails to obtain such Court approval, this entire Stipulation, and the compromise settlement set forth herein, is null and void.

10. Payment of the Settlement Amount will be made by electronic means as per instructions provided by Plaintiff's counsel to undersigned counsel for the United States. If

- 4 -

payment is made to an account controlled by Plaintiff's attorney, Plaintiff's attorney agrees to distribute the Settlement Amount, less any attorney fees, to Plaintiff.

11. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiff expressly consents to such release and disclosure pursuant to the Privacy Act, 5 U.S.C. § 552a(b), and the Freedom of Information Act.

12. This Stipulation may be executed in counterparts. All such counterparts and signature pages, together, shall be deemed to be one document.

13. The filing of this Stipulation with the Court shall effect a dismissal of this action with prejudice with each party to pay their own costs and fees as set forth herein.

\* \* \*

- 5 -

FOR THE UNITED STATES OF AMERICA:

JEANINE FERRIS PIRRO
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: /s/ David S. Bettwy         September 30, 2025
    DAVID S. BETTWY                Date
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2410

*Attorneys for the United States of America*


FOR PLAINTIFF:

_____  11/20/25
STATE FARM MUTUAL AUTO. INS. CO.   Date
a/s/o Samuel Nava Casarrubia

*Plaintiff*


_____  11/20/25
Charles J. Fratus                  Date

*Counsel for Plaintiff*